IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C.R. BARD, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION     MDL No. 2187

THIS DOCUMENT RELATES TO:

*Martin v. C. R. Bard, Inc.*     Civil Action No. 2:17-cv-00932

## MEMORANDUM OPINION & ORDER

Pending before the court is the Motion to Dismiss With Prejudice or in the Alternative Motion for Show Cause Order for Failure to Serve a Plaintiff Profile Form or Plaintiff Fact Sheet, filed by C. R. Bard, Inc. ("Bard") on December 15, 2017 ("Motion") [ECF No. 7]. The Motion is unopposed and this matter is now ripe for my review. For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part**.

I.     Background

Bard moves for relief alleging that the plaintiff failed to provide a completed Plaintiff Profile Form ("PPF").[1] Specifically, Bard asks that (1) the complaint be dismissed with prejudice, or, in the alternative, (2) the plaintiff be required to show cause as to her failure to provide a PPF as directed.

---

[1] Bard filed a motion identical to the one before the court in over one-hundred cases, and alleges a similar failure to timely submit a Plaintiff Fact Sheet. For purposes of this order, the court only considers the plaintiff's failure to provide a PPF.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 24,000 cases currently pending, approximately 3,000 of which are in the C. R. Bard, Inc. MDL, MDL No. 2187.

Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. PTO # 66, for example, provides that each plaintiff in cases that have been filed in, removed to, or transferred to this MDL on or after January 9, 2013, must submit a PPF within sixty (60) days of filing the Short Form Complaint. *See* Pretrial Order ("PTO") No. 66, *In re C. R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:10-md-2187, Jan. 9, 2013, https://www.wvsd.uscourts.gov/MDL/2187/orders.html. Thereafter, for all cases filed on or before March 1, 2017, the court extended the deadline to submit a PPF to June 15, 2017. *See* PTO No. 253.[2]

Here, the plaintiff failed to submit a PPF within the court-ordered timeframe for service, filing her PPF on September 19, 2017 – several months after the June 15, 2017 deadline. [ECF No. 5].

II. **Legal Standard**

Rule 37(b)(2) of the Federal Rules of Civil Procedure allows a court to sanction a party for failing to comply with discovery orders. This authority has particular

---

[2] Cases filed after March 1, 2017, as stated in PTO No. 253, retained the original "within sixty days of filing the Short Form Complaint" deadline.

significance in the MDL context. Specifically, when handling seven MDLs, containing thousands of individual cases in the aggregate, case management becomes of utmost importance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). To carry out this task in a smooth and efficient manner, I must define and then strictly adhere to rules for discovery. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1232. A "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administer the litigation effectively.").[3]

---

[3] Some plaintiffs contend that the court must apply the *Wilson* factors before ordering monetary sanctions, which is inaccurate. The Fourth Circuit Court of Appeals has directed courts to consider the *Wilson* factors in the case of "extreme sanction[s]," such as dismissal or judgment by default, where the "district court's desire to enforce its discovery orders is confronted head-on by the party's rights to

3

III. Discussion

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The plaintiff has not provided substantial justification for her failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Bard. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

Accordingly, Bard's Motion to Compel is **GRANTED** to the extent that it seeks the payment of reasonable expenses. I find that $500 is a minimally representative valuation of Bard's expenses. This number accounts for the time and money Bard spent identifying the plaintiff as one of the noncompliant plaintiffs; assessing the effect of her discovery violations; drafting a motion for sanctions; and serving the motion. All knowledgeable MDL counsel would consider these efforts, which would have been avoided had the plaintiff followed the court's order, to be worth $500, at the least. To the extent Bard seeks dismissal of the plaintiff's case, its motion is **DENIED**.

---

a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977) *cert. denied*, 434 U.S. 1020 (1978)). The minor sanction ultimately ordered in this case, partial compensation of the expenses caused by the plaintiff's discovery violation, does not raise these concerns. Therefore, I do not find it necessary to review the *Wilson* factors.

## IV. Conclusion

For the reasons stated above, the Motion to Dismiss With Prejudice or in the Alternative Motion for Show Cause Order for Failure to Serve a Plaintiff Profile Form or Plaintiff Fact Sheet is **GRANTED in part** and **DENIED in part.** It is **ORDERED** that the plaintiff has **until March 22, 2018** to pay Bard **$500** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[4] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by Bard.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 21, 2018

_Joseph R. Goodwin_
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[4] The court directs Bard to communicate with plaintiffs' leadership regarding payment instructions.